# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: ENHANCED RECOVERY COMPANY, LLC,
TELEPHONE CONSUMER PROTECTION ACT
(TCPA) LITIGATION (NO. III)                                    MDL No. 2793

## ORDER DENYING TRANSFER

**Before the Panel:**  Defendant Enhanced Recovery Company, LLC (ERC) moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Northern District of Illinois. This litigation consists of six actions—three actions pending in the Northern District of Illinois, one action pending in the Northern District of Indiana, and two actions pending in the Southern District of Indiana—as listed on Schedule A.[1]  Plaintiffs in the actions on the motion—all of whom are represented by the same counsel—do not oppose centralization in the Northern District of Illinois.

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation.  These actions share some common factual questions relating to allegations that ERC violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, by placing debt collection calls to plaintiffs' cellular telephones using an automated system, without the plaintiffs' consent.  These factual issues, while common, appear to be relatively straightforward, and discovery is unlikely to be unusually burdensome or time-consuming.  In contrast, the amount of individualized discovery into such matters as the numbers of calls each plaintiff received, the process and documentation involved in obtaining or revoking of consent, and the timing and circumstances thereof may be significant.  The rapid progression of a prior MDL involving TCPA claims against ERC from centralization to settlement demonstrates the relatively straightforward nature of the issues and claims in this litigation.  *See In re Enhanced Recovery Co., LLC, Tel. Consumer Prot. Act Litig.*, 899 F. Supp. 2d 1382 (J.P.M.L. 2012).

Additionally, the procedural posture of the actions counsels against centralization.  Fact discovery in several actions is scheduled to be completed within six months.  Centralization at this juncture appears unlikely to produce significant efficiencies and may delay resolution of these actions.[2]  *See, e.g., In re Lifewatch, Inc., Tel. Consumer Prot. Act (TCPA) Litig.*, 140 F. Supp. 3d

---

[1]  The Panel has been notified of five potentially related actions pending in the Northern District of Indiana.  Plaintiffs in these related actions are represented by the same counsel as plaintiffs in the actions on the motion.

[2]  We denied a motion to centralize several TCPA actions involving ERC last June.  *See In*
(continued...)

-2-

1342, 1343 (J.P.M.L. 2015) (denying centralization in part because of procedural disparity of the subject actions).

Finally, the limited number of involved counsel and the pendency of actions in only three adjacent districts suggest that cooperation and informal coordination are practicable alternatives to centralization.  ERC is represented in all the actions by Lewis Brisbois Bisgaard & Smith LLP. Plaintiffs, likewise, are represented in each action by Sulaiman Law Group, Ltd.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_Sarah Vance_

Sarah S. Vance
Chair

Marjorie O. Rendell          Charles R. Breyer
Lewis A. Kaplan              Ellen Segal Huvelle
R. David Proctor             Catherine D. Perry

---

[2](...continued)
*re Enhanced Recovery Co., LLC, Tel. Consumer Prot. Act (TCPA) Litig. (No. II)*, 190 F. Supp. 3d 1351 (J.P.M.L. 2016).  Although that Section 1407 motion involved putative class actions, eleven individual TCPA actions (like those at issue here) were noticed as related to the motion.  All eleven of those actions have since been resolved, primarily through settlement.  The actions on the present motion likely are susceptible to similarly quick resolution, making them poor candidates for centralized treatment.

**IN RE: ENHANCED RECOVERY COMPANY, LLC,**
**TELEPHONE CONSUMER PROTECTION ACT**
**(TCPA) LITIGATION (NO. III)**                              MDL No. 2793

## SCHEDULE A

<u>Northern District of Illinois</u>

COOK v. ENHANCED RECOVERY COMPANY, LLC, C.A. No. 1:17-02452
KAYYAL v. ENHANCED RECOVERY COMPANY, LLC, C.A. No. 1:17-02718
HILL v. ENHANCED RECOVERY COMPANY, LLC, C.A. No. 1:17-03154

<u>Northern District of Indiana</u>

WEAVER v. ENHANCED RECOVERY COMPANY, LLC, C.A. No. 1:17-00177

<u>Southern District of Indiana</u>

MARTIN v. ENHANCED RECOVERY COMPANY, LLC, C.A. No. 1:17-00730
ROBINSON v. ENHANCED RECOVERY COMPANY, LLC, C.A. No. 3:16-00225